EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
FRANK D. KORTUM (Cal. Bar No. 110984)
Assistant United States Attorney
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street, 14th Floor
    Los Angeles, California 90012
    Telephone: (213) 894-5710
    Facsimile: (213) 894-7177
    E-mail: Frank.Kortum@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CV 15-08708 |
| Plaintiff, | **VERIFIED COMPLAINT FOR FORFEITURE** |
| v. | |
| $17,200.00 IN U.S. CURRENCY, | 21 U.S.C. § 881(a)(6) |
| Defendant. | [D.E.A.] |

For its claim against the defendant asset, described more specifically below, the United States of America alleges:

**JURISDICTION AND VENUE**

1. This is a civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6).

2. This court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

**PERSONS AND ENTITIES**

4. The plaintiff in this action is the United States of America.

5. The defendant in this action, $17,200.00 in U.S. Currency (the "defendant currency"), was seized on February 17, 2015, by officers of the Inglewood Police Department ("IPD") from Dovian Hepburn ("Hepburn") during a traffic stop that took place on Manchester Boulevard in Inglewood, California. The defendant currency was subsequently seized from IPD on February 17, 2015 by the Drug Enforcement Administration pursuant to a federal seizure warrant.

6. The defendant currency is currently in the custody of the United States Marshals Service in this District, where it shall remain subject to the jurisdiction of this Court during the pendency of this action.

7. The interests of Hepburn and Triphon Dahl ("Dahl") may be adversely affected by these proceedings.

**FACTS SUPPORTING FORFEITURE**

8. On February 17, 2015, IPD officers conducted a traffic stop of a 2012 Mercedes driven by Hepburn (with Dahl as the passenger) on Manchester Boulevard in Inglewood, California. As

the officers approached the vehicle, they detected the odor of marijuana coming from the passenger side of the vehicle. Hepburn was advised by the officers of the reason for the stop and was asked for his license and registration.

9. While Hepburn was retrieving the registration information from the vehicle's glove compartment, the officer standing on the passenger side of the vehicle noticed that the glove compartment contained a stack of currency of approximately two inches in height and tightly wrapped in clear plastic. Meanwhile, the IPD conducted a computer records search on Hepburn. The records search revealed that Hepburn had recently been discharged from probation for the offense of possession of marijuana for sale or transport. A computer check of the vehicle's registration revealed that the vehicle had not been registered since 2013. The vehicle was accordingly impounded. A trained narcotics detection canine, "Keef," alerted to an area near the vehicle's front passenger-side arm rest, which was found to contain a noticeable amount of marijuana residue.

10. An IPD officer asked Hepburn how Hephurn came into possession of the currency in the glove compartment. Hepburn at first replied that it was none of the officer's business, but later stated that he had won the currency at Hollywood Park Casino. When asked by the officer if he could provide a receipt for his winnings, Hepburn stated that he had been at the Hollywood Park Casino, but that he did not win the currency at the casino.

11. The officer asked Hepburn what he did for a living. Hepburn stated that he was a promoter, but he refused to

1 | elaborate on what type of promoter he was and how he made his
2 | living as a promoter, and told the officer that it was none of
3 | the officer's business how Hepburn earned his money.  Based on
4 | the facts developed during the traffic stop, as described above,
5 | the IPD officers seized the currency found in the glove
6 | compartment.  The currency, when counted, totaled $17,200.00
7 | (the defendant currency).
8 |     12.  Based upon the above, plaintiff alleges that the
9 | defendant currency represents or is traceable to proceeds of
10 | illegal narcotics trafficking, or was intended to be used in one
11 | or more exchanges for a controlled substance or listed chemical
12 | in violation of 21 U.S.C. § 841 et seq.  The defendant currency
13 | is therefore subject to forfeiture pursuant to 21 U.S.C.
14 | § 881(a)(6).
15 | //
16 | //
17 | //
18 | //
19 | //
20 | //
21 | //
22 | //
23 | //
24 | //
25 | //
26 | //
27 |
28 |

1      WHEREFORE, the United States prays that due process issue
2 to enforce the forfeiture of the defendant currency, due notice
3 be given to all interested parties to appear and show cause why
4 forfeiture should be not be decreed, this court decree
5 forfeiture of the defendant currency to the United States of
6 America for disposition according to law, and for such other and
7 further relief as this court may deem just and proper, together
8 with the costs and disbursements of this action.

10 DATED: November 5, 2015         EILEEN M. DECKER
                                   United States Attorney
11                                 LAWRENCE S. MIDDLETON
                                   Assistant United States Attorney
12                                 Chief, Criminal Division
13                                 Assistant United States Attorney
                                   Chief, Criminal Division
14                                 STEVEN R. WELK
                                   Assistant United States Attorney
15                                 Chief, Asset Forfeiture Section
16
17                                        /s/
                                   _____
18                                 FRANK D. KORTUM
                                   Assistant United States Attorney
19
                                   Attorneys for Plaintiff
20                                 United States of America

**VERIFICATION**

I, Kyle M. Miyatake, declare and say that:

1. I am a Special Agent with the Drug Enforcement Administration.

2. I have read the attached Verified Complaint for Forfeiture and know the contents thereof.

3. The information contained in the Complaint is either known to me personally, was furnished to me by official government sources, or obtained pursuant to subpoena. I am informed and believe that the allegations set out in the Complaint are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this  6  day of November, 2015 at Los Angeles, California.

KYLE M. MIYATAKE
Special Agent, DEA